AUGUST REISS, Appellant, *v.* TOWN OF PELHAM, Respondent. CHARLES WEBER, Appellant, *v.* TOWN OF PELHAM. Respondent.

APPEAL — FAILURE TO ENTER JUDGMENT OF AFFIRMANCE. An order of the Appellate Division reversing a determination of the Special Term setting aside a verdict on the ground of newly-discovered evidence, granting a new trial, and affirming the judgment of the trial court entered upon the verdict, is not reviewable upon the merits by the Court of Appeals, and an appeal therefrom must be dismissed when the record does not disclose the entry of the judgment of affirmance, nor any appeal therefrom, if it had in fact been entered.

*Reiss* v. *Town of Pelham* and *Weber* v. *Town of Pelham*, 53 App. Div. 459, appeals dismissed.

(Argued January 23, 1902; decided February 25, 1902.)

APPEALS, by permission, from orders of the Appellate Division of the Supreme Court in the second judicial department, entered July 17, 1900, which reversed orders of the Special Term setting aside a verdict for the defendant on the ground of newly-discovered evidence and granting new trials.

The nature of the actions, the facts, so far as material, and the question certified, are stated in the opinion.

*George C. Appell* for appellants. This court has jurisdiction of these appeals. (*Young* v. *Fox*, 155 N. Y. 615; *Comcl. Bank* v. *Sherwood*, 162 N. Y. 310; *Matter of Davies*, 168 N. Y. 89.) The question certified presents the only issue before this court. (*Blaschko* v. *Webster*, 156 N. Y. 437; *Hearst* v. *Shea*, 156 N. Y. 169; *Schenck* v. *Barnes*, 156 N. Y. 316; *Coatsworth* v. *L. V. R. R. Co.*, 156 N. Y. 451; *Pringle* v. *L. I. R. R. Co.*, 157 N. Y. 104; *Grannan* v. *W. R. Assn.*, 153 N. Y. 449; *Baxter* v. *McDonnell*, 154 N. Y. 432.)

*Henry G. K. Heath* for respondent. This court has no jurisdiction of these appeals. (*Smith* v. *Platt*, 96 N. Y. 637; *Anonymous*, 59 N. Y. 313; *Matter of Eldredge*, 82 N. Y. 161; *Reilly* v. *D. & H. C. Co.*, 102 N. Y. 383; *Tracy* v. *Altmeyer*, 46 N. Y. 598; *Russell* v. *Randall*, 123 N. Y. 436; *People ex rel.* v. *Bd. Suprs.*, 153 N. Y. 372; *Matter of Atty.-Genl.*, 155 N. Y. 441; *Matter of Davies*, 168 N. Y. 89; *Baxter* v. *McDonnell*, 154 N. Y. 432.) This court should refuse to consider these appeals on the ground that the questions certified do not cover the issues. (*Blaschko* v. *Webster*, 156 N. Y. 437; *Grannan* v. *W. R. Assn.*, 153 N. Y. 449; *Baxter* v. *McDonnell*, 154 N. Y. 432; *Hearst* v. *Shea*, 156 N. Y. 169; *Schenck* v. *Barnes*, 156 N. Y. 316; *Coatsworth* v. *L. V. R. Co.*, 156 N. Y. 451.)

BARTLETT, J. These causes were tried together and come before us on a single record. The actions were brought to recover damages for personal injuries sustained by the plaintiffs and appellants by reason of the alleged negligence of the commissioner of highways of the town of Pelham, in that he "negligently and improperly placed or caused or permitted to be placed a rail, as a part of, or as an approach to, the eastern end of the bridge" over the Hutchinson river, between the

town and village of Pelham on the one side and the city of Mt. Vernon on the other; that the rail of this bridge formed a dangerous obstruction in the highway, of which the town had due notice.

This bridge was built over a little stream called the "Hutchinson River," which separates the city of Mt. Vernon from the town and village of Pelham. The dividing line between the city of Mt. Vernon and the town and village of Pelham is the center of this stream. So far as concerns this boundary line, the village of Pelham and the town of Pelham are territorially identical, each municipality being bounded in that direction by the center of the river. The bridge is half in the town and village of Pelham and half in the city of Mt. Vernon.

A street known as Third street crosses the river from one municipality into the other and was originally laid out the same width as the bridge. In the month of March, 1898, the village authorities widened this street. The effect of this widening was to leave the bridge on the north side of the street in the middle of the driveway. In the center of this street was a single-track street railway, with a road for vehicles on either side of it. The south driveway was clear and unobstructed, while in the north driveway the handrail of the bridge was near the center thereof and within about five feet six inches of the north rail of the street railway line. The total width of the driveway on the north side was about twelve and a half feet.

On the evening of the sixteenth of September, 1898, at about eight-thirty, the night being dark, the plaintiff Reiss, in company with the plaintiff Weber, was driving down Third street in the village of Pelham towards Mt. Vernon when the horse struck the said handrail of the bridge, receiving a fatal wound; plaintiffs were severely injured and the wagon was also badly damaged.

Each of the persons injured began an action to recover damages, and the town of Pelham interposed an answer which contained, after a general denial, the defenses: (1) A defect

of parties defendant in the omission of the city of Mt. Vernon as defendant; (2) want of funds in the hands of the highway commissioner of the town of Pelham, defendant; (3) negligence of the plaintiffs; (4) that the premises were in the exclusive jurisdiction of the village of Pelham; (5) that the village of Pelham made the changes whereby the accident became possible.

These actions were tried together before Mr. Justice GAYNOR and a jury and a verdict rendered for the defendant, and judgment was entered thereon in favor of the defendant October 16th, 1899. The plaintiffs respectively appealed from this judgment to the Appellate Division on the 18th of October, 1899. The proceedings that we are now called upon to review took place after the entry of the judgment of the Trial Term and the appeal therefrom.

The plaintiffs made a motion at Special Term for a new trial on the ground of newly-discovered evidence, which was granted. The Appellate Division reversed this order and granted plaintiffs leave to appeal therefrom to this court, certifying the following question: " Irrespective of the question of the possession of funds by the defendant's highway commissioner, do the facts disclosed by the record herein require a submission to the jury of the question of negligence on the part of the defendant? "

.The Appellate Division made an order, the substance of which is as follows: " The above-named Town of Pelham, the defendant in this action, having appealed to the Appellate Division from the order of the Supreme Court, entered, etc., for a new trial on the ground of newly-discovered evidence, etc., and the said appeal having been argued, etc., it is hereby ordered that the order granting a new trial on newly-discovered evidence, so appealed from, be and the same is hereby reversed and the judgment affirmed, with costs."

The record before us does not disclose the entry of a judgment upon this order affirming the judgment of the trial court, nor is there any appeal to this court from such a judgment, if it has, as matter of fact, been entered.

The only question presented for our consideration at this. time is the one certified to us by the Appellate Division on allowing the plaintiffs to appeal from its order.

The determination of this controversy on the merits, which resulted in the judgment of the Trial Term in favor of the defendant and its affirmance by the Appellate Division, can be reviewed here only upon an appeal from the judgment of the latter court.

As the question certified relates solely to the merits, it must be regarded, in the present state of the record, as purely abstract, and the appeals should be dismissed, with costs, in Reiss case and disbursements in Weber case.

Parker, Ch. J., Haight, Martin, Vann, Cullen and Werner, JJ., concur.

Appeals dismissed.